**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-01-295 (1) |
| | § | C.A. No. C-09-206 |
| AROLDO DAVID AGUILAR, JR., | § | |
| Defendant/Movant. | § | |

**ORDER DISMISSING MOTION TO VACATE,**
**SET ASIDE OR CORRECT SENTENCE, AND**
**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Defendant Aroldo David Aguilar, Jr.'s ("Aguilar") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (D.E. 75).[1] The government has filed a motion to dismiss on the grounds that Aguilar's § 2255 motion is untimely, and has also filed a response. (D.E. 86, 87.) For the reasons set forth below, the Court GRANTS the government's motion to dismiss, and DISMISSES Aguilar's motion. Additionally, the Court DENIES Aguilar a Certificate of Appealability.

**I.  JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

**II.  FACTS AND PROCEEDINGS**

On September 20, 2001, Aguilar was charged in two counts of a three-count indictment. (D.E. 1.) Count One charged him and his two co-defendants with conspiracy to possess with intent to distribute more than five kilograms of cocaine, in 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). Count Two charged him with knowingly possessing with intent to distribute approximately 24

---

[1] Dockets entry references are to the criminal case, C-01-cr-295.

1

kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). (D.E. 1.)

On October 31, 2001, the United States filed an "Information of Prior Conviction," pursuant to 21 U.S.C. § 851, in which the government gave notice of its intent to seek an enhanced penalty in this case. (D.E. 28.) The effect of the document was to raise the statutory mandatory minimum sentence for Aguilar's offense from 120 months to 240 months.[2] In order for this enhanced penalty to apply, the government was required to give this notice before entry of Aguilar's guilty plea. The specific requirements for the notice are set forth in 21 U.S.C. § 851. In pertinent part, that provision states that the increased punishment cannot apply "unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon." 21 U.S.C. § 851(a).[3] The same day that the enhancement was filed, Aguilar pleaded guilty to Count Two pursuant to a written plea agreement with the United States. (D.E. 27; see also D.E. 87 (referencing the written plea agreement; PSR at 3 (same).)[4]

Aguilar was sentenced by this Court on January 10, 2002. (D.E. 34.) Without the § 851 enhancement, Aguilar's advisory guideline range would have been 210 to 262 months. Because of the § 851 notice, his advisory guideline range was 240 to 262 months. The Court sentenced him to

---

[2] Title 21, U.S.C. § 841(b) enumerates the penalties for the drug offenses set forth in § 841(a), and provides for increased penalties where a defendant has one or more prior convictions of a specified type. In Aguilar's case, 21 U.S.C. § 841(b)(1)(A) increased the statutory maximum penalty for Count One from 10 to 20 years, because of his previous felony drug conviction. See 21 U.S.C. § 841(b)(1)(A); PSR at ¶¶ 2, 48-49.

[3] As discussed in this Order, Aguilar does not contest that the information filed with the Clerk accurately identifies and describes his prior conviction. He contends, however, that the notice was not filed or served on defense counsel *prior* to the entry of his guilty plea.

[4] As noted by the United States in its response to Aguilar's § 2255 motion, the Court's docket sheet does not reflect a docket entry for the written plea agreement. Aguilar's § 2255 motion does not complain about this.

240 months in the custody of the Bureau of Prisons, to be followed by a ten-year term of supervised release, and also imposed a fine and special assessment of $100 each. (D.E. 34, 37; Sentencing Transcript ("S. Tr.") at 14-15.)  Final judgment was entered on January 15, 2002. (D.E. 37.)

Aguilar timely appealed. (D.E. 40.) The Fifth Circuit dismissed his appeal on April 9, 2002 for want of prosecution. (D.E. 49.)  On March 9, 2005, Aguilar filed a motion seeking transcripts at government expense and a motion to proceed *in forma pauperis*. (D.E. 55, 56.)   In an order signed March 28, 2005 and entered on March 30, 2005, the Court denied both. (D.E. 57.)  In that order, the Court expressly noted that Aguilar's appeal was dismissed on April 9, 2002.   (D.E. 57 at 1.)

After the issuance of the Court's March 28, 2005 Order, Aguilar filed nothing in this case for more than four years. The Clerk received Aguilar's § 2255 motion on August 17, 2009. (D.E. 75)  The Court deems his motion filed as of August 11, 2009.[5] (D.E. 75.)

### III. MOVANT'S ALLEGATIONS

Nearly all of Aguilar's claims relate to the notice of prior conviction filed by the United States and to his resulting enhanced sentence.  Essentially, Aguilar believes that the notice was not filed or served on his counsel prior to his plea of guilty, and thus that it is invalid.  In his reply, he explains that the reason that he believes the notice was not timely filed was because the docket sheet

---

[5] Aguilar's motion was received by the Clerk's office on August 17, 2009.  The motion was executed, however, on August 11, 2009, and Aguilar has declared under penalty of perjury that he placed it in the prison mailing system on that date.  (D.E. 75 at 13.)  It is thus deemed filed as of the earlier date. Houston v. Lack, 487 U.S. 266, 276 (1988) (a document is deemed filed by a *pro se* prisoner when it is delivered to prison authorities for mailing, postage pre-paid); Rule 3(d), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (§ 2255 motion is deemed timely if inmate deposits it in the institution's internal mailing system on or before the last day for filing).  See also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992) (providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings);

in the case refers to the date entered as November 5, 2001, which was five days after his October 31, 2001 rearraignment. (D.E. 88 at 1.) As discussed herein, although the notice was entered on the docket by the Clerk on November 5, 2001, it is clearly date-stamped as having been filed with the Clerk on October 31, 2001, the day of Aguilar's rearraignment. (See D.E. 28.) Moreover, the record amply supports that the notice was filed prior to his plea hearing. (See infra at 7 (explaining how the record supports that the notice was timely filed and served).)

Aguilar's § 2255 motion lists two grounds for relief, although his first ground contains three sub-parts. In his first ground for relief, he claims that his counsel was constitutionally ineffective because:

> (1) counsel allegedly failed to obtain a timely copy of the sentencing enhancement information;
>
> (2) counsel failed to object to the enhancement at sentencing on the grounds that the government failed to file the § 851 notice prior to the plea hearing; and
>
> (3) counsel failed to file any objection to the PSR.

(D.E. 75 at 4.) In his second ground for relief, Aguilar claims that this Court lacked jurisdiction to impose a mandatory minimum sentence of twenty years. Again, his reasoning is based on his mistaken belief that the United States failed to timely file its notice of enhancement prior to the plea of guilty.

In Aguilar's supporting brief, he reiterates his claim that the Court lacked jurisdiction to impose a twenty-year sentence. (D.E .75-1 at 3-4.) He also sets forth two additional arguments. First, he argues that his challenges to the allegedly untimely notice of enhancement are not subject to the procedural default rules of § 2255. (D.E. 75-1 at 1-2 (citing United States v. Loper, 91 F.3d 137 (5th Cir. 1996 (unpublished). Second, he claims that his counsel was ineffective because he

4

never advised Aguilar that he was subject to a 20-year mandatory minimum, never disclosed or discussed the enhancement with Aguilar, and did not file any objections to the enhancement.

As discussed herein, Aguilar's entire § 2255 motion is subject to dismissal because it is barred by the applicable statute of limitations. Even if they were properly before the Court, moreover, his claims fail on their merits.

## IV. DISCUSSION

### A. Statute of Limitations

The first and primary reason that Aguilar's motion fails is that it is untimely. A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255(f). The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522, 532 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000)(*per curiam*).

As noted, Aguilar timely appealed his conviction and sentence, and the Fifth Circuit dismissed his appeal by order entered April 9, 2002. The period for Aguilar to file a petition for writ of certiorari expired 90 days after that date. S. Ct. R. 13(1); Clay, supra. Aguilar did not file a petition for writ of certiorari. His conviction thus became final when the 90-day time for filing the petition expired, or on July 8, 2002. Aguilar's time period for filing a motion pursuant to 28 U.S.C. § 2255 expired a year after that date. His motion is deemed filed as of August 11, 2009. Thus, it was filed more than six years beyond the deadline as calculated under § 2255(1), and is untimely.

Section 2255 also provides certain alternative dates upon which the limitations period may begin. Specifically, it provides that the one-year limitations period shall run from the latest of:

>(1) the date on which the judgment of conviction becomes final;
>
>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The Fifth Circuit has sometimes referred to the application of subsections other than subsection 1 as statutory tolling.[6] As discussed in the next section, the Court interprets Aguilar's motion as requesting both statutory and equitable tolling.

**B.   Statute of Limitations As Applied To Aguilar**

Aguilar acknowledges that his motion was not filed within one year after his conviction became final. He provides the following explanation as to why:

>PETITIONER DID NOT DISCOVERED THE INVALID FILED 21 USC § 851(A) UNTIL THE COURT RELEASE THE ACTUAL NOTICE OF ENHANCEMENT THEREFORE THIS PETITION IS TIMELY FILED PURSUANT TO AEDPA ACT OF 1996, UNDER 28 USC § 2255(4) the date on which the facts supporting the claim presented could have been discovered through the exercise of due diligence. Furthermore, a jurisdictional defect cannot be procedurally barred. [sic]

(D.E. 75 at 12.)

---

[6] In a related context, and applying a similar statute, a calculation of the limitations period under a subsection other than (1) was referred to by the Fifth Circuit as "statutory tolling." See, e.g., Egerton v. Cockrell, 334 F.3d 443 (5th Cir. 2003) (discussing application of 28 U.S.C. § 2244(d)(1), which governs the limitations period for filing petitions under 28 U.S.C. § 2254 and is nearly identical to the limitations period set forth in 28 U.S.C. § 2255).

Thus, it appears that Aguilar is seeking statutory tolling under § 2255(f)(4). The Court also construes the last sentence of Aguilar's explanation as seeking equitable tolling on the grounds that a jurisdictional defect cannot be procedurally barred.

  1.   **Statutory Tolling**

Aguilar argues that subsection (f)(4) of § 2255 renders his motion timely, because he did not learn of the alleged invalid filing of the United States' § 851(a) notice of enhancement until some later date that he does not specify. (D.E. 75 at 12.)

First, as a factual matter, there was no error or invalidity to the United States' filing under § 851(a). Although the document was not entered by the Clerk on the docket until a date after the rearraignment hearing, the document was date-stamped as filed on October 31, 2001, the date Aguilar pleaded guilty. Moreover, it indicates that it was hand-delivered to defense counsel the day before the rearraignment (D.E. 28 at 2), a fact which Aguilar does not dispute.[7] Although there was no stamp indicating at what time the notice was filed, the notice was date-stamped as of the *date* of the hearing. Additionally, both the prosecutor and the Court indicated that the notice of enhancement had already been filed prior to the Court accepting Aguilar's guilty plea. (D.E. 83, Rearraignment Transcript ("R. Tr." at 20 (AUSA stating "the Government filed a notice of enhancement this morning in the case of Mr. Aguilar. It was a 10-year mandatory minimum that has now been raised to a 20-year mandatory minimum"); id. at 33 (Court stating "the notice of enhancement has been filed").) Thus, the record shows that the notice was timely filed and timely

---

[7] Aguilar argues that the burden is upon the United States to "prove that they did in fact hand deliver said sentencing enhancements to the counsel of record." (D.E. 88 at 1-2.) The Court disagrees. The record supports the Court's conclusion that the notice was timely filed, and the burden in a § 2255 proceeding remains with the Movant. See, e.g., United States v. Chavez, 193 F.3d 375, 378 (5th Cir. 1999) (§ 2255 movant retains burden of proof on ineffective assistance of counsel claims).

served on counsel. No invalidity has been shown. There was, therefore, no "fact" to be discovered.

Additionally, Aguilar does not specify the date that he allegedly discovered this "fact," but there is no reason why he could not have discovered it through the exercise of due diligence at some point earlier after his conviction became final. He simply has not shown that he exercised due diligence in pursuing his rights. See, e.g., United States v. Redd, 562 F.3d 309, 314 (5th Cir. 2009) (habeas petitioner did not show diligence when he waited to file motion until years had passed). Aguilar is not entitled to the application of § 2255(f)(4).

### 2. Equitable Tolling

To the extent that his request for tolling could be considered a request for equitable tolling, the limitations period for § 2255 motions is subject to equitable tolling "only 'in rare and exceptional cases.'" United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002) (quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). Moreover, equitable tolling requires that a defendant show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' of timely filing his § 2255 motion." Redd, 562 F.3d at 314 (quoting United States v. Petty, 530 F.3d 361, 365 (5th Cir. 2008)) (additional citation omitted).

As discussed above, Aguilar has not shown that he has been diligently pursuing his rights, nor has he identified any "extraordinary circumstances" that prevented him from timely filing his motion. He also has failed to allege or establish any other facts that support applying equitable tolling to his case.

For the foregoing reasons, Aguilar's motion is untimely and Aguilar is not entitled to tolling. His § 2255 motion is therefore DISMISSED WITH PREJUDICE as time-barred.

**C.     Substantive Claims**

Even if Aguilar's motion were timely and his claims were properly before the Court, they do not entitle him to relief, as discussed herein. First, as noted above, the record in this case clearly supports the Court's determination – at sentencing and again now upon review – that the notice of enhancement filed by the United States was timely filed and met with the procedural requirements of 21 U.S.C.§ 851. The mere fact that the document was not entered on the Court's docket until several days later does not change this fact. Thus, all of Aguilar's ineffective assistance claims and other claims that are premised on the invalidity of the notice, fail on the plain record before the Court and are denied.

**1.     Failure to Object to the Presentence Investigation Report**

One of the few claims that remain is Aguilar's claim that his counsel failed to file any objections to the PSR. The only objection identified by Aguilar is an objection based on the allegedly invalid enhancement, which would not have been a valid objection. Thus, no ineffective assistance of counsel occurred as to any failure to object on that ground. See United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument ... cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue.").

To the extent Aguilar believes there were other objections counsel should have made, he has not identified what those objections are. His claim fails for this reason. Cf. United States v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993) ("Mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.") (citation omitted).

### 2.     Failure to Advise Aguilar of the Possibility of a Twenty-Year Sentence

The only other claim asserted by Aguilar that is not entirely dependent on the invalidity of the notice is his claim that his counsel did not advise him or disclose to him a copy of the enhancement, and did not advise him that he was subject to a 240-month mandatory minimum. Although he does not explicitly label these allegations as a claim of ineffective assistance of counsel in the plea process, the Court construes them as being offered in support of such a claim. Any such claim, however, fails for several reasons.

First, at Aguilar's rearraignment, there were repeated references to the fact that Aguilar faced at least a twenty-year sentence. In fact, there was actually a discussion at rearraignment as to whether or not Aguilar would also be determined to be a career offender and could be sentenced to a mandatory minimum of 360 months. Indeed, the Court took a break in the rearraignment and reconvened it later the same day in order to make sure that Aguilar had sufficient time to discuss with both his current counsel and his prior counsel the long imprisonment he potentially faced.

After reconvening, the AUSA outlined the plea agreement. The AUSA then described how the parties were not certain whether Aguilar would qualify as a career offender, because they did not yet have the judgments in some of his prior state convictions, and did not know if they were mere possession offenses or delivery/distribution convictions. If they were the latter, Aguilar would likely be a career offender. Aguilar's prior counsel, Mr. Carlin, advised the Court that he had previously told Aguilar that based on Aguilar's prior controlled substance offense in federal court, the sentence could be enhanced "up to either a 20-year minimum or even to a life if the United States Attorney's Office chose to use all those crimes." (R. Tr. at 28.) The Court and Mr. Carlin discussed that if the career offender guidelines did not apply, then the mandatory minimum would exceed the

guidelines. (R. Tr. at 30.) Again, the Court referenced the twenty-year minimum. (R. Tr. at 31.) Significantly, when describing to Aguilar what potential punishment he faced, the Court told him that because of the enhancement, "the mandatory minimum is no longer ten years ..., but with the mandatory federal enhancement, and the notice of enhancement has been filed, you would be looking at a minimum, a mandatory minimum of 20 years." (R. Tr. at 33.) The Court asked if Aguilar understood that, and he told the Court that he did. (R. Tr. at 33-34.)

Several minutes later, the Court asked him whether he understood the fact that his criminal history and offense level could be so high that it "could be higher than the mandatory minimum of 20 years." (R. Tr. at 35-36.) Again, Aguilar testified that he understood. (R. Tr. at 35-36.)

In order to show prejudice arising from an attorney's ineffective assistance during the plea negotiations or the plea itself, Aguilar must show that, absent his counsel's deficiencies, he would have proceeded to trial. See United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000) (in order to show prejudice as a result of ineffective assistance during the guilty plea process, a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial") (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)). This is a showing that cannot be met here.

Notably, Aguilar does not allege in his motion or supporting memorandum that he would have proceeded to trial had his counsel not been ineffective. Moreover, the rearraignment transcript clearly establishes that Aguilar's decision to plead guilty was his own and that it was entirely voluntary. Thus, any belated claim that his plea was somehow involuntary because his counsel did not advise him of the consequences of his plea is flatly contradicted by the record. Aguilar's sworn statements in open court are entitled to a strong presumption of truthfulness. United States v.

Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002). Aguilar's sworn statements at the rearraignment show that he fully understood that he faced a mandatory minimum sentence of twenty years, the exact sentence he received. In fact, his sworn statements were clear that he understood he could face an even higher sentence. See Wilkes, 20 F.3d at 653.

Additionally, a defendant suffers no prejudice due to receiving misinformation from his attorney where the plea colloquy reflects that the district court corrected any such misinformation. See Lott v. Hargett, 80 F.3d 161, 167-68 (5th Cir. 1996). In this case, then, even if the Court were to credit Aguilar's contention now (contrary to his sworn rearraignment testimony) that his counsel failed to advise him he would receive at least a 20-year sentence, Aguilar was clearly told of that fact by the Court, and he testified that he understood. In short, no prejudice can be shown because Aguilar knew, prior to pleading guilty, that he faced a lengthy sentence and that he faced a mandatory minimum of twenty years. The court told him so, and he told the Court he understood. Any claim of ineffective assistance of counsel based on his attorney's alleged failure to advise him of the same fact fails.

Accordingly, even if Aguilar's motion were not time-barred, it would fail on its merits. His § 2255 motion is DENIED.

### D. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Aguilar has not yet filed a notice of appeal, the § 2255 Rules instruct

that this Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules. The Court thus turns to whether Aguilar is entitled to a COA. A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Aguilar is not entitled to a COA as to any of his claims. That is, reasonable jurists could not debate the Court's conclusion that his claims are time-barred and that he is not entitled to tolling. Similarly, jurists of reason would not find it debatable that his claims do not entitle him to relief.

## V. CONCLUSION

For the above-stated reasons, the government's motion to dismiss (D.E. 86) is GRANTED,

and Aguilar's motion under 28 U.S.C. § 2255 (D.E. 75) is DENIED.  The Court also DENIES Aguilar a Certificate of Appealability.

It is so ORDERED this 15th day of June, 2010.

_____
Janis Graham Jack
United States District Judge